**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kerry Dean DARLING, Defendant— Appellant.**

**No. 05–10760.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2007.

Filed June 27, 2007.

McGregor W. Scott, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Ann C. McClintock, Esq., Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, McKEOWN and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Kerry D. Darling was convicted of possession of methamphetamine with intent to distribute and the manufacture of methamphetamine. Darling appeals the district court's decision to exclude evidence of another individual's arrest, charge, and con-

viction. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court excluded evidence that another individual was also arrested, charged with, and convicted of methamphetamine offenses arising out of the same underlying conduct for which Darling was convicted.

The district court has wide discretion in determining whether evidence is relevant, and evidentiary decisions are reviewed for an abuse of discretion. *United States v. Alvarez,* 358 F.3d 1194, 1205 (9th Cir. 2004). Our review of the record convinces us that the district court did not abuse its discretion when it excluded the evidence as irrelevant.

Even if the excluded evidence were relevant, the district court did not abuse its discretion by reasonably concluding that such evidence would likely confuse or mislead the jury. *See* Fed.R.Evid. 403 (stating that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury, or . . . needless presentation of cumulative evidence"). The district court instructed the jury that more than one person could be guilty of the crimes as charged.

In addition, even if the district court had abused its discretion, any error would be harmless and would not warrant a reversal. Because the jury had enough evidence to convict Darling notwithstanding the fact that another individual had also been convicted, it is more probable than not that any error by the district court did not materially affect the verdict. *See United States v. Morales,* 108 F.3d 1031, 1040 (9th Cir.1997) (en banc) (noting that this type of error must be reversed "unless

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

it is more probable than not that the error did not materially affect the verdict").

AFFIRMED.